UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOSE RIVERA, on behalf of himself
and all others similarly situated,                Case #:

        Plaintiff,

v.

PORTFOLIO RECOVERY ASSOCIATES, LLC,

        Defendant.
_____/

## CLASS ACTION COMPLAINT

Plaintiff, JOSE RIVERA, individually and on behalf of others similarly situated, files this action against Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC (hereinafter "PRA"), for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq, and the Florida Consumer Collection Practices Act ("FCCPA"), § 559.72, Fla. Stat. In support, Plaintiff alleges the following:

### INTRODUCTION

1. This case arises out of the substantive rights of Plaintiff and Class Members under the FDCPA and the FCCPA.

2. PRA is a debt collector attempting to collect monies allegedly due from Plaintiff and Class Members.

3. Plaintiff alleges that in collecting these debts allegedly due from Plaintiff and Class Members, PRA has routinely and systematically sent them written communications which violate the FDCPA and FCCPA.

4. The FDCPA requires debt collectors including PRA to represent debt

information in a non-misleading manner.

5. For the foregoing conduct as detailed more fully below, Plaintiff brings two counts: Count I for PRA's violation of the FDCPA; and Count II for its violation of the FCCPA. Defendant violated Plaintiff's and Class Members' substantive rights under these statutes, causing Plaintiff and the putative Class Members cognizable injuries, giving rise to this action for actual and statutory damages under them.

## JURISDICTION AND VENUE

6. The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises out of the FDCPA, a federal statute.

7. The Court has personal jurisdiction because Plaintiff resides there, Defendant does business in Florida and this District, and because specific conduct and acts giving rise to this litigation occurred in Florida.

8. Also, at all times material to this action, Defendant has maintained voluntary, continuous, and systematic contacts with Florida making it foreseeable Defendant would be subject to this Court's jurisdiction, including collecting debts through telephone calls and the mail in Florida, and transacting substantial and regular debt collection business in or affecting Florida, including, collecting consumer debts of Plaintiff and Class Members in this District and throughout Florida.

9. Venue is proper in this District under 28 V.S.C. §§ 1391(b)(c) because Defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced and because Defendant's contacts with this District are sufficient to subject it to personal jurisdiction.

10. All conditions precedent to the filing of this action, if any, have been performed, have occurred, or have been waived.

2

## PARTIES

11. Plaintiff is natural person, a resident of Deltona, Florida, and a consumer within the meaning of the FDCPA.

12. Each Class Member is a consumer who was sent the same form of collection letter or a substantially and materially similar letter as Plaintiff from PRA.

13. Defendant, PRA is a corporation and citizen with a principal place of business in 120 Corporate Blvd., Norfolk, VA 23502. Its principal business is collecting defaulted debts owed to another, and it regularly uses the mails to collect such debts.

## APPLICABLE LAWS

**Fair Debt Collection Practices Act**

14. The purpose of the FDCPA is "to eliminate abusive debt collection practices ... to promote consistent State action to protect consumers against debt collection abuses... " 15 U.S.C. § 1692.

15. The FDCPA generally prohibits debt collectors, including PRA, from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt" [§ 1692e], from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f, and from overshadowing and/or contradicting Plaintiff's rights under the FDCPA.

**Florida Consumer Collection Practices Act**

16. The purpose of the FCCPA is to "provide the consumer with the most protection possible." *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1192 (11th Cir. 2010)(citing § 559.552, Fla. Stat.).

17. Like the FDCPA, the FCCPA prohibits persons, including PRA, from engaging in certain abusive practices in the collection of consumer debts. *See* generally § 559.72, Fla. Stat.

18. Specifically, the FCCPA states that no person, including PRA, shall "claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." § 559.72(9), Fla. Stat.

## FACTUAL ALLEGATIONS RELATING TO PLAINTIFF

19. Sometime prior to February 14, 2024, Plaintiff allegedly incurred a financial obligation to CAPITAL ONE BANK (USA) N.A. ("CAPITAL ONE").

20. The CAPITAL ONE obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

21. Plaintiff incurred the CAPITAL ONE obligation by obtaining goods and services which were primarily for personal, family and household purposes.

22. Plaintiff incurred the CAPITAL ONE obligation in connection with a personal credit card account.

23. The CAPITAL ONE obligation did not arise out of transactions that were for business use.

24. The CAPITAL ONE obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

25. CAPITAL ONE is a "creditor" as defined by 15 U.S.C. § 1692a(4).

26. At some time before February 14, 2024, the CAPITAL ONE obligation was allegedly purchased by and/or sold to PRA.

27. At the time the CAPITAL ONE obligation was allegedly purchased by and/or sold to PRA, the CAPITAL ONE obligation was in default.

28. Defendant caused to be delivered to Plaintiff a letter dated February 14, 2024, which was addressed to Plaintiff regarding CAPITAL ONE obligation. See **Exhibit A,** which is fully incorporated herein by reference.

29. The February 14, 2024 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

30. Upon receipt, Plaintiff read and relied on the representations and statements in the February 14, 2024 letter.

31. Defendant admitted that it was a debt collector in its February 14, 2024 letter:

> **This communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.**

32. The February 14, 2024 letter provided the following details about the CAPITAL ONE obligation.

**Account Details**

Account Number: 5178059936583237
Seller: CAPITAL ONE BANK (USA) N.A.
Original Creditor: CAPITAL ONE BANK (USA) N.A.
Creditor to Whom Debt is Owed: PORTFOLIO RECOVERY ASSOCIATES, LLC ("PRA, LLC")
Balance: $403.67

33. Defendant's February 14, 2024 letter offered Plaintiff 3 repayment plans to start paving his way to "financial freedom" and start putting this debt behind him:

**Start paving your way to financial freedom today!**

Dear JOSE L RIVERA,

At Portfolio Recovery Associates, LLC ("PRA, LLC") we make it easy to start putting this debt behind you. Take your first steps towards financial freedom. For your convenience, we've calculated three offers to help you start on your way.

Sincerely,
PRA, LLC

| PLAN 1* | PLAN 2* | PLAN 3* |
|---|---|---|
| **Fast Track** | **Solid Progress** | **Slow and Steady** |
| 1 Payment of $222.02 | 3 Payments of $74.93 | 6 Payments of $38.16 |
| Savings: $181.65 | Savings: $178.88 | Savings: $174.71 |

The savings will be applied to the balance and your account will be considered paid-in-full for less than the full balance after your final payment is successfully posted.

*We are not obligated to renew this offer. Your payment must be received by: 03/19/2024
Need more flexibility?
Learn more at
PRApay.com
You can also call 1-888-499-0588 to discuss your account with us

The law limits how long you can be sued on a debt and how long a debt can appear on your credit report. Due to the age of this debt, we will not sue you for it or report payment or non-payment of it to a credit bureau. Depending on the laws of your state, certain actions, such as making a payment or promising to pay the debt, may restart the time period for the filing of a lawsuit against you; but even if that were the case, we still will not sue you on this debt.

34. The February 14, 2024 letter advised Plaintiff that the CAPITAL ONE obligation was beyond the time period for filing a lawsuit and was also beyond the time period for reporting information on Plaintiff's credit profile with one or more national credit reporting agencies.

35. Defendant offered a "Fast Track", a "Solid Progress" and a "Slow and Steady" repayment plan so that according to Defendant, Plaintiff could start paving his way to financial freedom today and "start putting this debt" behind him.

36. Defendant asserted that the 3 repayment plans offered by Defendant were calculated to help start him on his way to financial freedom and put the debt behind him.

37. Defendant's February 14, 2024 letter advised that: "***We are not obligated to***

6

**renew this offer. Your payment must be received by: 03/19/2024.**"

38. Even though the CAPITAL ONE obligation was beyond the statute of limitations and beyond the credit reporting period, according to Defendant's February 14, 2024 letter, Defendant represented or implied that Plaintiff is suffering from a financial burden regarding the CAPITAL ONE obligation and somehow Defendant could alleviate that burden by Plaintiff accepting one of the repayment plans.

39. Plaintiff was left wondering what burden he was under with respect to the CAPITAL ONE obligation and what burden Defendant is offering to help alleviate for Plaintiff.

40. Plaintiff was also confused about how any of the payment plans offered by Defendant would put the debt behind him and pave his way to financial freedom since the CAPITAL ONE obligation was beyond the applicable statute of limitations to file a lawsuit or to continue credit reporting to a credit bureau.

41. According to the February 14, 2024 letter, if Plaintiff accepted one of the repayment plans, then the savings would be applied to the balance, and the account would be considered paid-in-full for less than the full balance after the final payment successfully posted.

42. The February 14, 2024 letter caused Plaintiff to be confused.

43. The February 14, 2024 letter frustrated Plaintiff's ability to intelligently choose a response.

44. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The Defendant's false representations misled the Plaintiff in a manner that deprived Plaintiff of his or her right to enjoy these benefits.

45. The stated purpose of the FDCPA is to "eliminate abusive debt collection

practices by debt collectors, to insure that those debt collectors who refrain from using abusive practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

46.  As described herein, Defendant engaged in abusive debt collection practices that are prohibited by the FDCPA.

47.  Defendant knew or should have known that its actions violated the FDCPA.

48.  Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## **DEFENDANT'S UNIFORM COURSE OF CONDUCT**

49.  Plaintiff's experience is not unique. PRA has regularly collected on the debts of Class Members defined below, and in collecting those debts, PRA has routinely and systematically violated the FDCPA and the FCCPA as described herein.

50.  Upon information and belief, PRA tracks its general business practices as it relates to each member of the Class, including Plaintiff, electronically, and maintains electronic records that are searchable regarding the debts it collects, the debtors' identities, account numbers assigned them, and the principal allegedly owed.

34.  Upon information and belief, PRA tracks via electronic records their written requests for information from debtors, communications with them, and collection letters sent them.

35.  Upon information and belief Defendant's debt collections and communication are part of an automated debt collection process whereby collections communications, procedures, and polices are implemented automatically via computer programming.

36.  Its collections and communication to debtors, are part of routine policy and

procedure, which Defendant has memorialized in writing to its employees. It has in-house employees that review and approve communication forms to ensure their legality before they are used. Nonetheless Defendant routinely mailed collection letters to collect debts the same or substantially similar to Exhibit A.

37. <u>The Common Injury.</u> The FDCPA and the FCCPA respectively create shared, substantive statutory rights for Plaintiff and Class Members.

38. The FDCPA creates a private right of action under 15 U.S.C. § 1692k. The FDCPA created shared, substantive statutory rights of Plaintiff and Class Members to be enforced privately, including,

   a. The right to receive accurate information, representations, and disclosures about debts;

   b. The right to be protected from unfair or unconscionable practices in collections of debts; and

   c. The right to be protected from deceptive means of collecting debts.

*See* 15 U.S.C. §§ 1692e, 1692f, 1692g and 1692k.

39. The FCCPA also creates a private right of action. *See* § 559.77, Fla. Stat. By the FCCPA the Florida Legislature created shared, substantive statutory rights of Plaintiff and Class Members to be enforced privately, including, but not limited to, the rights to be protected from collection of their debts (a) by persons who know that the debts they are attempting collect from them are not legitimate or (b) by persons that assert the existence of some legal right vis-a-vis their debts when such person knows that the right does not exist. §§ 559.72, 559.72(9), 559.77, Fla. Stat.

## CLASS ACTION ALLEGATIONS

40. Plaintiff asks to be designated as a Class Representative, and as Class Representative brings this action under Fed. R. Civ. P. 23(a) and (b)(3) on behalf of all other persons similarly situated-the "Classes" or "Class Members" defined as follows:

> CLASS A - FDCPA
> Within the applicable statute of limitations, all-natural persons in Florida, whom Defendant sent a collection letter (See Exhibit A), in an attempt to collect a debt.
>
> CLASS B – FDCPA
> Within the applicable statute of limitations, all-natural persons in Florida, whom Defendant sent a letter (See Exhibit A), in an attempt to collect a debt..

Plaintiff and Class Members reserve the right to amend the Class definitions as discovery proceeds and to conform to the evidence. Excluded from the Class are persons whose collection letters according to Defendant's records were returned as undeliverable, persons whose debts were for commercial purposes (not for personal, family, or household purposes), and Defendant, and any subsidiary or affiliate of Defendant, and the directors, officers and employees of Defendant or its subsidiaries or affiliates, and members of the federal judiciary.

41. <u>Numerosity.</u> (Fed. R. Civ. P. 23(a)(1)). Plaintiff alleges on information and belief that the number of Class Members is so numerous that joinder of them is impractical. At this time, Plaintiff does not know the exact number of Class Members, but the members of the Class will be easily ascertained through Defendant's electronic records, data, and databases.

42. <u>Commonality</u>. (Fed. R. Civ. P. 23(a)(2)). There are common questions of law and/or fact that predominate over any questions affecting only individual members of the Class. These predominant common questions of law and/or fact include the following:

    a. Whether Defendant's letters overshadow and/or contradict the rights of Plaintiff and other Class Members;

    b. Whether Defendant's letters properly and effectively conveyed to Plaintiff and the Class Members the notices that are required by the FDCPA;

    c. Whether Defendant's letters violate any provisions of the FCCPA or FDCPA;

    d. Whether Plaintiff and Class Members are entitled to actual damages under the FCCPA or FDCPA; and,

    e. Whether Plaintiff and Class Members are entitled to statutory damages under the FCCPA or FDCPA.

43. <u>Typicality.</u> (Fed. R. Civ. P. 23(a)(3)). The claims of the Class Representative are typical of the claims that would be asserted by other members of the Class in that, in proving her claims under the FDCPA and FCCPA, Plaintiff will simultaneously prove the claims of all Class Members. The rights afforded under the FDCPA and the FCCPA are the same for Plaintiff and Class Members. Plaintiff and each Class Member were sent the standardized collection letters by Defendant described above, when it was trying to collect a debt. If this conduct violates the FDCPA and the FCCPA, it is does so not only for Plaintiff but for each Class Member. Moreover, any statutory damages awarded under those statutes will be formulaic.

44. <u>Adequacy.</u> (Fed. R. Civ. P. 23(a)(4)). The Class Representative is a natural person, and she has no conflicts of interest and will fairly and adequately protect and represent the interests of each member of the Class. Additionally, the Class Representative is fully cognizant of its responsibility as Class Representative and has retained experienced counsel fully capable of, and intent upon, vigorously pursuing the action. Each class counsel has

extensive experience in class and/or FDCPA or FCCPA claims in this District;

45. <u>Predominance and Superiority.</u> Fed. R. Civ. P. 23 (b)(3). The common questions identified above predominate over any questions of law or fact affecting only individual members of the Class. Moreover, class treatment is clearly superior to other available methods for the fair and efficient adjudication of this controversy.

## **COUNT I**
## **(Fair Debt Collection Practices Act 15 USC § 1692 et seq.)**

46. Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

47. Plaintiff and each Class Member is a "consumer" as defined by 15 U.S.C. § 1692a(3).

48. The monies allegedly owed by Plaintiff and Class Members are debts under the FDCPA because each is "an[] obligation or alleged obligation of a consumer to pay money arising out of a transaction ... [that is]... primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5).

49. PRA is a "debt collector" of debts as defined by 15 U.S.C. § 1692a(6) because it regularly attempts to collect, and collects, amounts owed or asserted to be owed or due another, including the debts from Plaintiff and Class Members via collection letters. The collection letters described above indeed uniformly confirmed this by identifying Defendant as a debt collector.

50. PRA engaged in direct "communications" with Plaintiff and Class Members as defined by 15 U.S.C. § 1692a(2) when it sent them or their representatives collection letters.

51. The FDCPA creates a private right of action under 15 U.S.C. § 1692k.

52. As stated above, Congress created shared, substantive statutory rights of Plaintiff and Class Members to be privately enforced and protected under the FDCPA, which Defendant has violated.

53. Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

54. Defendant violated various provisions of the FDCPA including but not limited to: 15 U.S.C. § 1692e; § 1692e(2)(A); § 1692e(10) and § 1692f.

55. Defendant's letter would cause the least sophisticated consumer to be confused about his or her rights.

56. Defendant violated 15 U.S.C. § 1692e of the FDCPA as described herein in connection with its communications to Plaintiff and others similarly situated.

57. Defendant violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with its attempts to collect debts from Plaintiff and others similarly situated.

58. Defendants violated 15 U.S.C. § 1692e of the FDCPA by misrepresenting or falsely implying that by accepting one of the 3 repayment offers made by Defendant, that Plaintiff would somehow achieve financial freedom.

59. Defendant's false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

60. As described herein, Defendants violated 15 U.S.C. § 1692e(2)(A).

61. As described herein, Defendants violated 15 U.S.C. § 1692e(10).

62. As described herein, Defendants violated 15 U.S.C. § 1692f.

63. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

64. Plaintiff and others similarly situated were sent letters, which could have affected their decision-making with regard to the debt.

65. These violations of the FDCPA caused injury to Plaintiff and Class Members by violating the foregoing substantive FDCPA rights.

66. As a result of these violations, Plaintiff and Class Members are entitled to statutory and/or actual damages together with reasonable attorney's fees and costs under 15 U.S.C. § 1692(k).

## COUNT II
### (Florida Consumer Collection Practices Act § 559.72(9), Fla. Stat.)

67. Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

68. Plaintiff and each Class Member is a "debtor" and "consumer" as defined by § 559.55(8), Fla. Stat.

69. In § 559.72, Fla. Stat., the FCCPA mandates that "no person" shall engage in certain practices in collecting consumer debts. PRA is a "person" within the meaning of the FCCPA. Id.; See also § 1.01(3), Fla. Stat.

70. The monies allegedly owed by Plaintiff and Class Members are debts under the FCCPA because each one is "an[] obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." § 559.55(6), Fla. Stat.

71. The FCCPA creates a private right of action. *See* § 559.77, Fla. Stat.

72. As stated above, the Florida Legislature created shared, substantive statutory rights of Plaintiff and Class Members to be enforced and protected privately under the

14

FCCPA, which PRA violated. §§ 559.72, 559.72(9), 559.77, Fla. Stat.

73. Based on the foregoing allegations, PRA violated the FCCP.

74. These violations of FCCPA caused injury to Plaintiff and Class Members by violating the foregoing substantive FCCPA rights.

75. As a result of the foregoing violations of the FCCPA, Plaintiff and Class Members paid Defendant interest charges as part of the debts Defendant was collecting.

76. As a result of these violations, Plaintiff and Class Members are entitled to statutory damages and/or actual damages together with reasonable attorney's fees and costs under § 559.77, Fla. Stat.

## JURY DEMAND

Plaintiff respectfully requests a trial by jury on all issues so triable.

## RELIEF REQUESTED

**WHEREFORE** Plaintiff, on behalf of himself and the Class, respectfully requests this Court to award against PRA in favor of Plaintiff and the Class all of the following:

a. Certifying either Count I or Count II or both counts for class treatment under Fed. R. Civ. P. 23(a) and (b)(3), appointing Plaintiff as Class Representative, and appointing Plaintiff's attorneys as counsel for the Class;

b. A judgment for actual damages under the FDCPA or the FCCPA;

c. A judgment for statutory damages under the FDCPA or the FCCPA;

d. A judgment for costs and reasonable attorney's fees under the FDCPA or the FCCPA; and,

e. Any other relief for Plaintiff and the Class the Court deems just and proper.

Dated: December 17, 2024,

Respectfully submitted,

**s/ Jonathan Benjamin**
JONATHAN BENJAMIN

## CERTIFICATE OF SERVICE

*I HEREBY CERTIFY* that on December 17, 2024,, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF System and that the forgoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

Respectfully submitted,

**s/ Jonathan Benjamin**
JONATHAN BENJAMIN
Florida Bar No. 91315
**BENJAMIN LAW PRACTICE, PLLC**
2645 Executive Park Drive, Ste 438
Weston, FL 33331
Telephone: (954) 716-8362
Facsimile: (954) 477-8020
Counsel for Plaintiff