**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

JOSE RIVERA, on behalf of himself
and all others similarly situated,

      Plaintiff,                      Case No. 6:24-cv-02296-WWB-RMN

v.

PORTFOLIO RECOVERY
ASSOCIATES, LLC,

      Defendant.

_____/

## DEFENDANT, PORTFOLIO RECOVERY ASSOCIATES, LLC'S AMENDED MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT THEREOF

Defendant, Portfolio Recovery Associates, LLC (hereinafter "PRA"), by and through its undersigned counsel and pursuant to Rule 12 of the Federal Rules of Civil Procedure and this Court's Order (DE 29), hereby files this, its Amended Motion to Dismiss Plaintiff's Complaint and Memorandum of Law in Support Thereof, states as follows:

### INTRODUCTION

Plaintiff, Mr. Jose Rivera (hereinafter "Plaintiff") filed a two-count Class Action Complaint (hereinafter the "Complaint"), alleging that PRA violated both the Fair Debt Collection Practice Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") and Florida Consumer Collection Practice Act, Fla. Stat. § 559.72 *et seq.* (hereinafter "FCCPA") by sending him a letter (hereinafter the "Letter") seeking the voluntary repayment of his past due Capital One Bank (USA) N.A., account ending in #3237 with a balance of $403.67 (hereinafter the "Debt").

1

Plaintiff alleges in his Complaint that the language used in the Letter seeking that Plaintiff voluntarily pay his time-barred debt was allegedly false, misleading, and deceptive, in violation of both the FDCPA and FCCPA. Plaintiff's Complaint suggests the necessity for a class action lawsuit, arguing common injury of the alleged FDCPA and FCCPA violations to class members who received the same type of letter.

However, federal courts have found that letters such as PRA's do not violate the FDCPA or the FCCPA or give a legal basis for a claim under § 1692e and § 559.72 because they are not false, misleading, or deceptive under the applicable "least sophisticated consumer" standard when read in their entirety. Therefore, Plaintiff's claims should be dismissed in their entirety.

## PLAINTIFF'S FDCPA AND FCCPA CLAIMS

Plaintiff's Complaint alleges PRA's Letter violated the FDCPA, and consequently the FCCPA, because it contained "false representations" which allegedly "misled" Plaintiff in a manner affecting his ability to make informed decisions regarding his debt. DE 1 ¶ 44. Plaintiff further alleges by sending the Letter PRA engaged in "abusive debt collection practices," violating the FDCPA. *Id.* at ¶ 46.

Plaintiff's § 1692e claims allege the language in PRA's Letter "represented or implied that Plaintiff is suffering from a financial burden regarding the Capital One obligation" and that Plaintiff "could alleviate that burden by Plaintiff accepting one of the repayment plans." *Id.* at ¶ 38. This allegedly left Plaintiff "wondering what burden he was under" regarding his debt and "confused" about why payments made to PRA would provide him with "financial freedom" given that his debt obligation was beyond the applicable statute of limitations to legal enforce the debt. *Id.* at ¶¶ 39-40.

According to Plaintiff, the Letter "frustrated [his] ability to intelligently choose a response." *Id.* at ¶ 43. Thus, Plaintiff has alleged that the confusion caused by PRA's Letter created a violation of the FDCPA and the FCCPA.

In Count I, Plaintiff alleges the Letter violated "various provisions of the FDCPA," including § 1692e; § 1692e(2)(A); § 1692e(10); and § 1692f of the FDCPA based on the aforementioned allegations. Plaintiff further alleges the Letter "would cause the least sophisticated consumer to be confused about his or her rights." *Id.* at ¶ 55. More specifically, Plaintiff alleges that PRA violated § 1692e by using false, deceptive or misleading representation or means to collect on a debt by sending the Letter *Id.* at ¶ 57. Plaintiff alleges that PRA violated § 1692e by misrepresenting or falsely implying that accepting one of the three (3) repayment plans would somehow create "financial freedom" for Plaintiff. *Id.* at ¶ 58.

Regarding Plaintiff's other Count I FDCPA claims, Plaintiff has alleged PRA violated § 1692e(2)(A), § 1692e(10), and § 1692f. *Id.* ¶¶ 60-62. Section 1692e(2)(A) prohibits "false representation of ... the character, amount, or legal status of any debt." 15 U.S.C. § 1692(2)(A). Section 1692e(10) prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10). Section 1692f prohibits the use of "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Here, Plaintiff alleges that PRA violated each of these FDCPA provisions based on the same aforementioned allegations regarding the Letter and alleged confusion caused by it. DE 1 ¶¶ 60-62.

In Count II, Plaintiff alleges PRA violated the FCCPA's section §559.72(9). Under § 559.72(9), it is a violation for someone to "claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist." Fla. Stat. § 559.72(9). Here, Plaintiff does not offer any new factual allegations for his FCCPA claims but rather refers to his same FDCPA allegations. DE 1 ¶ 73.

## PRA'S LETTER

On or about February 14, 2024, PRA sent a letter to the Plaintiff regarding his past due Debt. *See* Exhibit A to Plaintiff's Complaint [DE 1]. The Letter acknowledged that the debt was no longer legally enforceable based on the expiration of the statute of limitations, but it offered Plaintiff the opportunity to pay off his debt at a discount from a choice of three (3) partial payment plans, thereby resolving Plaintiff's Debt and obviating further communications by PRA. *Id.*

In the Letter, PRA wrote the following:

At Portfolio Recovery Associates, LLC ("PRA, LLC") we make it easy to start putting this debt behind you. Take your first steps towards financial freedom. For your convenience, we've calculated three offers to help you start on your way.
*Id.*

The Letter described three partial payment plans for amounts less than the original balance of $403.67. *Id.* The first plan, titled "Fast Track," consisted of one (1) payment of $222.02, saving Plaintiff $181.65. The second plan, titled "Solid Progress," consisted of three (3) payments of $74.93, totaling $233.79, giving a savings of $178.88. The final option was the "Slow and Steady" plan and consisted of six (6) payments of $38.16, totaling $228.96, with a savings of $174.71. *Id.* The Letter stated the "savings will be

applied to the balance and your account will be considered paid-in-full for less than the full balance after final payment is successfully posted." *Id.*

In bold lettering, the Letter advised Plaintiff that "[w]e are not obligated to renew this offer. Your payment must be received by: 03/19/2024." *Id.* The Letter provided PRA's website, PRApay.com, and its 1-800 number in case Plaintiff had any questions regarding the Letter and its offer to resolve Plaintiff's Debt. *Id.*

Importantly, in the Letter PRA provided the following disclaimer about the expiration of the statute of limitations:

> The law limits how long a person can be sued on a debt and how long a debt can appear on your credit report. Due to the age of this debt, we will not sue you for it or report payment or non-payment of it to a credit bureau. Depending on the laws of your state, certain actions, such as making a payment or promising to pay the debt may restart the time period for the filing of a lawsuit against you; but even if that were the case, we still will not sue you on this debt.
> *Id.*

PRA's Letter made clear to Plaintiff that if he decided to make the partial payments, PRA would <u>still not sue on it</u>. Plaintiff took no steps to pay the outstanding amount due in response to the Letter or attempt to contact PRA regarding the language in the Letter to alleviate any questions or concerns he may have had.

## <u>SUMMARY OF THE ARGUMENT</u>

Plaintiff's Complaint fails to state a claim upon which relief may be granted because federal courts have found that such letters taken in their entirety, such as the one at issue here, discussing the ability for a debtor to obtain "financial freedom" by paying his debts, offering discounted partial payment plans, and providing similar legal disclaimers regarding the enforceability of a debt are not false, misleading, or deceptive as a matter of law. As a result, such letters do not mislead the least sophisticated consumer - the

standard rubric used in the Eleventh Circuit to evaluate if such a letter runs afoul of the FDCPA and FCCPA. Therefore, Plaintiff's claims that PRA's Letter violated § 1692e *et. seq.* and the § 559.72(9) are without merit and fail to state a claim as a matter of law and should be dismissed.

Plaintiff's FDCPA §1692f claim also fails as a matter of law because it is based on the same facts as his §1692e claims, which federal courts deem as deficient since the §1692f claim does not identify any misconduct beyond that which Plaintiff asserts violated other provisions of the FDCPA.

Finally, Plaintiff lacks standing to bring forth his FDCPA claims because he has failed to plead concrete harm or injury-in-fact sufficient for this Court to grant him standing.

## STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal* at 1949. This "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Wilchombe v. Tee Vee Toons, Inc.*, 555 F.3d 949, 958 (11th Cir. 2009) (citing *Twombly* at 555). Moreover, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . ." *Twombly* at 555.

When deciding on a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to

plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007). However, "[l]egal conclusions without adequate factual support are entitled to no assumption of truth." *Mamani v. Berzain*, 654 F.3d 1148, 1153 (11th Cir. 2011). A court "must dismiss a plaintiff's claims if she fails to nudge her 'claims across the line from conceivable to plausible.'" *Bueno v. Univ. of Miami,* Civil Action No. 22-22831-Civ-Scola, 2023 U.S. Dist. LEXIS 72958, at *4-5 (S.D. Fla. Apr. 26, 2023) (quoting *Twombly* at 570). Notwithstanding the allegations by the plaintiff, "the court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Id.* (quoting *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993)).

## **MEMORANDUM OF LAW**

The Eleventh Circuit has "adopted a 'least-sophisticated consumer' standard to evaluate whether a debt collector's communications and conduct is 'deceptive,' 'misleading,' 'unconscionable,' or 'unfair' under" § 1692e. *Crawford v. LVNV Funding, LLC*, 758 F.3d 1254, 1258 (11th Cir. 2014); *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1187 (11th Cir. 2010) (holding courts employ the "least-sophisticated consumer" standard to evaluate whether a debt collector's communication violates § 1692e of the FDCPA. This is the standard rubric for review of Plaintiff's underlying FDCPA and FCCPA claims regarding the Letter.

Under this standard, "[t]he inquiry is not whether the particular plaintiff-consumer was deceived or misled; instead, the question is 'whether the least sophisticated consumer would have been deceived' by the debt collection conduct." *Domke v. MRS*

*BPO, LLC,* No. 8:19-cv-1442-T-36AEP, 2020 U.S. Dist. LEXIS 15913, at *7 (M.D. Fla. Jan. 31, 2020) (citing *Crawford* at 1258). Importantly, the test has an objective component that prevents liability for "bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness." *Domke* at *7-8 (quoting *LeBlanc* at 1200).

Further, "[o]nly material misrepresentations constitute violations of the FDCPA.*" Bryant v. Kass Shuler, P.A.*, No. 16-CV-24082, 2017 U.S. Dist. LEXIS 27811, at *4 (S.D. Fla. Feb. 28, 2017). "To be a material misrepresentation, a statement must influence a consumer's decision or ability to pay or challenge a debt." *Domke* at *6. If the misrepresentation does "not influence an unsophisticated consumer's ability to challenge a debt, then it does not violate the FDCPA." *Id.* at *5-6 (citing *Bryant* at *20).

PRA's Letter, read as a whole, does not violate the FDCPA or FCCPA when viewed through the lens of the least sophisticated consumer, nor does it make any material misrepresentations. First, Plaintiff has a valid debt owed to PRA that did not go away because of the expiration of the statute of limitations. Therefore, PRA has the right to seek voluntary repayment of the debt, even if time barred. Second, courts have found that the three components of PRA's letter: (1) a suggestion of financial freedom; (2) an offer of savings through voluntary partial payment plans; and (3) a legal disclaimer that the debt was legally unenforceable, are not false, misleading, or deceptive because the Letter, as a whole, does not give any reason for an unsophisticated debtor to believe that he will be sued for the debt and it not otherwise false or misleading. Therefore, Plaintiff has failed to state a claim under the FDCPA, and, consequently, the FCCPA.

### A. The Letter's Efforts to Seek Repayment of the Debt by Plaintiff Do Not Violate the FDCPA or FCCPA.

The basis of Plaintiff's claims is premised on the misbegotten belief that Plaintiff was no longer responsible for the time-barred debt because the statute of limitations had passed, making it legally unenforceable. Hence, Plaintiff contends that PRA's Letter, and its language seeking the voluntary payment of the valid debt was somehow false, misleading, and deceptive. *See* DE 1 ¶ 40.

Contrary to Plaintiff's contentions, numerous federal courts have recognized that creditors retain the right to seek the repayment of time-barred debts under the law, so long as they do so without resorting to judicial remedies. *Holzman v. Malcolm S. Gerald & Assocs., Inc.*, 920 F.3d 1264, 1268 (11th Cir. 2019) (holding the FDCPA permits a debt collector to seek the voluntary repayment of a time-barred debt so long as the debt collector does not initiate or threaten legal enforcement in connection with its debt collection efforts.); *Huertas v. Galaxy Asset Mgmt.,* 641 F.3d 28, 33 (3d Cir. 2011) (holding it is appropriate for a debt collector to request voluntary repayment of a time-barred debt.).

As noted above, the entire text of the Letter must be reviewed when determining whether PRA's attempt to get Plaintiff to voluntarily pay off the debt violated the FDCPA or FCCPA. *Jones v. Synergetic Commc'n, Inc.,* 2018 U.S. Dist. LEXIS 198087, 2018 WL 6062414, at *6 (S.D. Cal. Nov. 20, 2018) (holding the court must examine the entire letter and "should not myopically focus on one aspect of the letter when other language in the letter dispels such potential."); *Contreras v. Portfolio Recovery Assocs., LLC*, No. CV 19-06969 PA (AGRx), 2020 U.S. Dist. LEXIS 7727, at *16 (C.D. Cal. Jan. 10, 2020) (holding a collection letter must be read as a whole to determine its impact in an FDCPA case.); *Tatis v. Allied Interstate, LLC,* 882 F.3d 422, 430 (3d Cir. 2018) (holding "[I]n keeping with

the text and purpose of the FDCPA, . . . any such letters, *when read in their entirety*, must not deceive or mislead the least-sophisticated debtor into believing that she has a legal obligation to pay the time-barred debt.").

The language of the Letter, when examined in its entirety, does not violate the FDCPA or FCCPA because PRA is not making an untrue statement as to the debt or its validity, nor does it assert legal rights that PRA does not have. More importantly, the Letter does not provide, and the Complaint does not allege, any reason for even the least sophisticated consumer to believe that PRA would take legal action to collect the debt, should the debtor not act on the time-sensitive offer contained in the Letter, especially given the explicit disclaimer.[1]   Plaintiff does not point to any language of the Letter that threatens legal action on the debt. Similarly, Plaintiff does not allege anything false or misleading in the Letter. Thus, Plaintiff has failed to plead a violation of § 1692e or § 559.72(9) and cannot do so when the Letter is reviewed in its entirety.

### B. The Use of the Term "Financial Freedom" in Conjunction with Discounted Partial Payment Plans Does Not Violate the FDCPA as a Matter of Law.

Regarding the Letter's use of the term "financial freedom," the law is clear that a debt collector may continue to appeal to a debtor to pay his time-barred debt using terms such as regaining one's "financial freedom" in a collection letter because such language is not misleading given the underlying obligation to pay the debt is not extinguished by the expiration of the statute of limitations. *Koger v. Midland Credit Mgmt., Inc.*, No. 4:18-CV-00949-W-FJG, 2019 U.S. Dist. LEXIS 250365, at 7-8 (W.D. Mo. Sep. 24, 2019).

---

[1] Under Fla. Stat. § 95.04, to reset the statute of limitations on a time-barred debt "requires a written and signed promise to pay—rather than a partial payment—in order to 'revive' liability." *Baez v. LTD Fin. Servs., L.P.*, 757 F. App'x 842, 844 (11th Cir. 2018); Fla. Stat. § 95.04.

Further, courts have found the use of "financial freedom" language is not misleading or deceptive given the fact that a debtor would be financially free of the debt and "free" from further collection efforts if they paid off the outstanding debt in response to a letter. *Id.* at 9. The term is also not considered misleading given that a debt collector is offering to accept less than the full amount, which may result in savings for the debtor and consequently aid the debtor being free from future collection efforts at a discount. *Id.*: *Ayres v. Portfolio Recovery Assocs., LLC*, No. 2:17-cv-01088-DN, 2018 U.S. Dist. LEXIS 216936 (D. Utah Dec. 20, 2018) (holding "[t]here is nothing wrong with informing debtors that a debt remains unpaid or for that matter allowing them to satisfy the debt at a discount. For some individuals, such letters may offer a welcome solution to an outstanding debt.").

The *Koger* decision is particularly illustrative to the present dispute before the Court. In *Koger,* the plaintiff alleged that the language in a collection letter on a time-barred debt sent to her by the defendant, Midland Credit Management ("Midland"), which offered three specific payment options to satisfy "the stale debt" and indicated that payment would allow the debtor to "regain her financial freedom" was false, deceptive and misleading in violation of §1692e(2)(A). *Koger* at 8. Unlike the Complaint at issue here, in *Koger* the plaintiff specifically pled that the financial freedom language led her to believe that the alleged debt must be settled, or legal action would ensue. *Id.* In rejecting the plaintiff's arguments on this issue, the district court expressly held the use of the term "financial freedom" and inclusion of payment options did not violate the FDCPA because Midland still held the debt owed by the plaintiff, even if the statute of limitations for a lawsuit had expired. Thus, Midland could make an offer to settle the debt at a discount

"which truthfully would result in a savings" and help plaintiff gain her financial freedom. *Id.* at 9. Here, the Letter to Plaintiff is very similar to the letter in *Koger.* Particularly the Letter states:

> At Portfolio Recovery Associates, LLC ("PRA, LLC") we make it easy to start putting this debt behind you. Take your first steps towards financial freedom. For your convenience, we've calculated three offers to help you start on your way.

*See* Exhibit A to Complaint. [DE 1.]

As mentioned previously, Plaintiff's debt remains valid notwithstanding the expiration of the statute of limitations – a fact Plaintiff acknowledges himself in the Complaint. *See* DE 1 ¶¶ 19-23. PRA's use of the statement, "[s]tart paving your way to financial freedom today," coupled with three voluntary discounted payment plans are in no way different than the words discussed by the *Koger* Court or federal district court in *Ayers.* Just as in *Koger*, PRA's use of such language as an appeal to Plaintiff to pay his debt with options offering less than the full amount owed are not false, deceptive, or misleading. *Id.* at 9. Plaintiff's allegations that this language caused him to wonder what "burden" he had related to his debt, and that he was "confused" about how paying the Debt under one of the discounted payment plans would give him "financial freedom" since the debt was time-barred and unreportable to the credit bureaus does not change the applicable analysis. In fact, such allegations mischaracterize the facts and reinforces the false belief that Plaintiff is no longer responsible to pay the Debt. DE 1 ¶¶ 38-40.  Further, Plaintiff's subjective understanding of the Letter is not the proper standard for this Court's review of the Letter in the context of an FDCPA or FCCPA claim. Rather, as noted above, the Eleventh Circuit has held that the least sophisticated consumer standard is applied when a Court analyzes a letter, not Plaintiff's subjective feelings. *Crawford* at 1258.

As in *Koger*, the expiration of the statute of limitations did not eliminate Plaintiff's debt to PRA – that obligation remains as courts have readily acknowledged. Thus, an offer of freedom from debt and potential further collection efforts is not misleading as a matter of law under § 1692e or false under § 1692e(2)(A). Nor does the use of the language convey that the Debt is legally enforceable or deceptive under §1692e(10), or threaten to enforce an illegitimate debt under §559.72(9).

Moreover, courts have recognized that providing a debtor with the option to pay off a time-barred debt at a discount, may actually be providing positive news for the debtor and supporting good public policies. *Davis v. Portfolio Recovery Assocs., LLC*, No. 3:20-cv-1063-MMH-JBT, 2021 U.S. Dist. LEXIS 171913, at *34 (M.D. Fla. Sep. 10, 2021) (recognizing that allowing a debtor to pay less than he owes in both positive and good public policy.). As such, Plaintiff's claims that PRA's actions violated § 1692e, § 1692(2)(A), § 1692e(10), and § 559.72(9) should be dismissed.

## C. PRA's Inclusion of Legal Disclaimers and Voluntary Partial Payment Plans are Not Misleading to the Least Sophisticated Consumer and Do Not Violate the FDCPA or FCCPA.

The law is clear that making an offer to a debtor to voluntarily repay a time-barred debt, coupled with appropriate legal disclaimers does not violate the FDCPA or FCCPA because they are not false, deceptive, or misleading to the least sophisticated consumer as a matter of law, regardless of what Plaintiff suggests in his Complaint. *Davis* at *34; *Domke* at *9-11; *Schaefer v. ARM Receivable Mgmt.,* Civil Action No. 09-11666-DJC, 2011 U.S. Dist. LEXIS 77828, at *11-13 (D. Mass. July 19, 2011) (holding a debt collector may seek the voluntary partial repayment of a time-barred debt so long as there is no threat of litigation if the debtor does not comply with the request.)

13

Further, courts have gone further, finding no duty for a creditor to advise consumers about the possible revival of the statute of limitations for a time-barred debt when making an offer. *Stimpson v. Midland Credit Management, Inc.*, 944 F.3d 1190, 1198 (9th Cir. 2019) (stating that nothing in the FDCPA "require[s] debt collectors to provide legal advice on revival statutes" and concluding that "the failure to provide such specific legal advice" was not misleading); *Olsen v. Cavalry Portfolio Servs., LLC*, No. 8:15-cv-2520-T-23AAS, 2016 U.S. Dist. LEXIS 106186, 2016 WL 4248009, at *2 (M.D. Fla. Aug. 11, 2016) ("[T]he FDCPA imposes on [defendant] Cavalry no duty to advise [plaintiff] Olsen of potential defenses, including the expired limitation or the consequence of partial payment").

Here, Plaintiff alleges the inclusion of the partial repayment plans, offer of financial freedom, and legal disclaimer in the Letter are deceptive and misrepresent the nature and character of his debt in violation of the FDCPA and FCCPA. DE 1 ¶¶ 34-38, 55-62. Plaintiff further argues that PRA's Letter falsely implies that acceptance of one of the three repayment plans would help him "achieve financial freedom," and that such statements, allegedly confused and frustrated him and the least sophisticated consumer in violation of § 1692e. DE 1 ¶ 58-59.

However, that is not representative of the entirety of the Letter. As discussed, the term "financial freedom" has been found not to violate the FDCPA in similar contexts. Suggesting that Plaintiff voluntarily pay his debt, thereby achieving a personal level of financial freedom in no way suggests that PRA has misled Plaintiff to believe the debt is legally enforceable. This is especially true given the legal disclaimer provided by PRA in the Letter.

Lastly, Plaintiff's theory ignores the most illuminating part of the Letter which deals with the statute of limitations issue, completely dispelling Plaintiff's claims in this regard. The Letter states in relevant part:

> The law limits how long a person can be sued on a debt and how long a debt can appear on your credit report. Due to the age of this debt, we will not sue you for it or report payment or non-payment of it to a credit bureau. Depending on the laws of your state, certain actions, such as making a payment or promising to pay the debt may restart the time period for the filing of a lawsuit against you; but even if that were the case, we still will not sue you on this debt.

*See* Exhibit A to Plaintiff's Complaint. [DE 1]

Here, PRA's Letter made clear that it was seeking voluntary repayment of the debt owed by Plaintiff, offered three discounted plans to do it, advised Plaintiff that the Debt was no longer enforceable through court action, and guaranteed that PRA would not sue Plaintiff on the Debt, even if the conditions changed to allow PRA to do so. In fact, inclusion of the legal disclaimer and promise by PRA that it will not sue Plaintiff ensures there can be no doubt as the character, amount, and legal status of the debt, thereby undermining Plaintiff's § 1692e(10) and § 559.72(9) claims.

The recent decision by the Middle District Court in *Davis v. Portfolio Recovery Assocs., LLC*, is instructive. In *Davis*, the Court determined that such disclaimers and settlement offers, similar to those in the instant matter, adequately informed the debtor-Plaintiff that the debt was legally unenforceable, and as such the inclusion of the partial payment plans and the legal disclaimer cannot "mislead the least-sophisticated consumer." *Davis* at *34.

The determination of the *Davis* Court, and others, that a legal disclaimer stating "[d]ue to the age of this debt, we will not sue you for it or report payment or non-payment

of it to a credit bureau" was not material or misleading to the least sophisticated consumer under the FDCPA is conclusive, undermining Plaintiff's claims. *Id.*; *see, e.g., Valle v. First Nat'l Collection Bureau*, Inc., 252 F. Supp. 3d 1332, 1340 (S.D. Fla. 2017) (rejecting plaintiff's argument that "we will not sue you" was misleading, noting that "[r]ead in the context of the entire paragraph, the phrase 'we will not sue you' is not false or deceptive, even from the perspective of the least sophisticated consumer."); *Stimpson* at 1197 (rejecting plaintiff's argument that the language "[d]ue to the age of this debt, we will not sue you" is deceptive or misleading under the FDCPA, because in context "[t]he natural conclusion is that the debt is time barred'"); *Tillman v. Midland Credit Mgmt.,* No. 4:19-cv-4030, 2019 U.S. Dist. LEXIS 212319, 2019 WL 6718985, at *5 (W.D. Ark. Dec. 10, 2019) (determining that the defendant's use of the language "we will not sue you," instead of "we cannot sue you," does not present a plausible FDCPA violation); *Will v. Portfolio Recovery Assocs., LLC*, No. 18-CV-02790-MSK-KMT, 2019 U.S. Dist. LEXIS 163763, 2019 WL 4674352, at *5 (D. Colo. Sept. 24, 2019) ("Even the least sophisticated consumer would conclude that this unambiguous language means what it says—that PRA will not, and moreover cannot, sue [plaintiff] on his debt. Any other interpretation is both unreasonable and borders on the preposterous.").

Notably, both the FTC and CFPB have advocated for inclusion of the same legal disclaimer used by PRA into all time-barred debt letters because it puts debtors on notice that the creditor, such as PRA, is not asserting a false or deceptive legal right or threatening to use a non-existing right in pursuit of the payment of the debt in violation of the FDCPA.[2] *See Contreras* at *14 (holding the least sophisticated debtor would not be

---

[2] "In this regard, some courts have found that the Federal Trade Commission or the CFPB consent decrees buttress their conclusions that 'will not sue' accurately informs

misled into believing a debt is legally enforceable where the collection letter does not contain other statements that contradict or undermine the disclosure "because of the age of your debt, we will not sue you for it," or any language that implies or threatens potential litigation against the debtor.)

Importantly, this does not change when the legal disclaimer includes cautionary information that the legal status of the debt could change if Plaintiff takes certain action, but the debt collector provides a guarantee that it would not sue. *Stimpson* at 1190 (holding "[a] person who is unsophisticated regarding financial matters but is still 'capable of making basic logical deductions and inferences,' would not be deceived or misled by" language that they will not be sued by the debt collector.").

Applying the courts' decisions in *Davis* and other courts, PRA's Letter contained accurate statements as to the character, amount, and legal status of the debt – contrary to Plaintiff's § 1692e(10) and § 559.72(9) claims. In fact, "the Eleventh Circuit has suggested that it would approve of the use of such language in debt-collection letters." *Domke* at 22; *see Holzman* at 1264. Therefore, Plaintiff's allegation that he was "left wondering" as to what his "burden" regarding his debt was if he accepted one of the repayment plans offered by PRA in the Letter is baseless and should be dismissed.

Lastly, with respect to the second part of the Letter, discussing time-sensitive partial-payment plans, courts have found that letters containing similar language offering partial payment plans and savings were not misleading when offset with the same legal

---

consumers about the legal unenforceability of the subject debt, and still other courts consider consent decrees alone to be 'the most persuasive' reasoning for finding that 'will not sue' language or its equivalent does not violate the FDCPA." *See Davis v. Portfolio Recovery Assocs.*, LLC, No. 3:20-cv-1063-MMH-JBT, 2021 U.S. Dist. LEXIS 171913, at *23 n.11 (M.D. Fla. Sep. 10, 2021).

disclaimer that the debt was not enforceable in court due to its age, i.e., statute of limitations. *Davis* at *33 (holding the disclaimer "[d]ue to the age of this debt, we will not sue you for it or report payment or non-payment of it to a credit bureau" was sufficient to put the debtor on notice that the partial payment plan was optional and not misleading in violation of the FDCPA."); *Contreras* at *16 (holding "[e]ven a least sophisticated debtor would recognize that the time-sensitive offer is optional, and he will not be penalized with litigation from Defendant if he chooses to forego the offer.").

Therefore, Plaintiff has failed to state a claim under the FDCPA's provisions § 1692e, § 1692e(10), § 1692 (2)(A), and § 1692f, as well as § 559.72(9) of the FCCPA given PRA's Letter was not false, misleading, deceptive, and sought to enforce an illegitimate debt. Based on the foregoing, Plaintiff's FDCPA and FCCPA claims should be dismissed with prejudice.

### D. Plaintiff Failed to Properly Plead a Section 1692f Violation Under the FDCPA, and Thus, the Complaint is Subject to Dismissal.

Section 1692f of the FDCPA prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692. Courts have held that "[a] complaint will be deemed deficient under [§ 1692f] . . . if it 'does not identify any misconduct beyond that which Plaintiffs assert violate other provisions of the FDCPA.'" *Miljkovic v. Shafritz & Dinkin, P.A.*, No. 8-14-cv-635-T-33TBM, 2014 U.S. Dist. LEXIS 98200, 2014 WL 3587550, at *8 (M.D. Fla. July 18, 2014) (quoting *Taylor v. Health W. Williams, LLC*, 510 F. Supp. 2d 1206, 1217 (N.D. Ga. 2007)).

Here, Plaintiff has failed to identify any other misconduct to support his § 1692f claim beyond that alleged in his § 1692e claims. *See* DE 1 ¶ 62. Therefore, because

Plaintiff has failed to properly plead a claim under §1692f, Plaintiff's claim must be dismissed as a matter of law.

### E. This Court Should Dismiss Plaintiff's FCCPA Claim Because Plaintiff Has Failed to State a Claim Under Fla. Stat. § 559.72(9).

The FCCPA prohibits any person from "[c]laim[ing], attempt[ing], or threaten[ing] to enforce a debt when such person knows that the debt is not legitimate or assert[ing] the existence of some other legal right when such person knows that the right does not exist." § 559.72(9), Fla. Stat.

To state a claim under section 559.72(9), a plaintiff must plead three elements: "an illegitimate debt, a threat or attempt to enforce that debt, and knowledge that the debt is illegitimate." *Davis v. Sheridan Healthcare, Inc.*, 281 So. 3d 1259, 1264 (Fla. 2d DCA 2019). *Robinson v. Equifax Info. Servs., LLC*, No. 6:24-cv-983-JSS-DCI, 2024 U.S. Dist. LEXIS 192347, at *4-5 (M.D. Fla. Oct. 23, 2024).

Here, Plaintiff's FCCPA allegations are based on the same allegations as his FDCPA claims. DE 1 ¶ 67. Since Plaintiff has failed to state a claim under the FDCPA and has not alleged any other specific violations under the FCCPA, Plaintiff's FCCPA claims should be dismissed in their entirety.

Further, as discussed in detail above, courts have routinely ruled that the expiration of the statute of limitations on a debt does not eliminate the debtor's responsibility to pay the debt, it just prevents enforcement through judicial proceedings. Plaintiff attempts to disregard these rulings and render the Debt illegitimate simply because the statute of limitations had run on the Debt.  Such a theory is not supported by the law and Plaintiff's Complaint should be dismissed.

**F. Plaintiff Lacks Standing to Bring a FDCPA Claim Because He Has Not Pled a Sufficient Concrete Harm or Particularized Injury-in-Fact.**

Plaintiff has failed to plead concrete harm or an injury-in-fact sufficient to establish that he has standing to bring forth his FDCPA claims. Therefore, Plaintiff's Complaint should be dismissed as a matter of law.

Plaintiff, "as the party invoking federal jurisdiction, bears the burden of establishing" that he has standing to pursue the claims he alleges in the Complaint. *Davis* at * 6 (citing *Spokeo v. Robins*, 578 U.S. 330, 136 S. Ct. 1540, 1547 (2016). "The Eleventh Circuit has unequivocally instructed that '[u]nder settled precedent, the irreducible constitutional minimum of standing consists of three elements: the plaintiff must have suffered an injury in fact, the defendant must have caused that injury, and a favorable decision must be likely to redress it.'" *Id.* (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 112 S. Ct. 2130 (1992)). "Among these elements, the 'foremost' requirement of standing is the existence of an injury in fact." *Id.* (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998)). "An injury in fact consists of 'an invasion of a legally protected interest' that is both 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* (quoting *Lujan* at 560).

"To qualify as 'concrete,' the injury must be 'real, and not abstract.'" *Id.* (quoting *Spokeo* at 1548). "To be sufficiently 'particularized,' the injury 'must affect the plaintiff in a personal and individual way.'" *Id.* (quoting *Spokeo* at 1548). "To satisfy the injury element of standing, a plaintiff must establish '[e]ach subsidiary element

of injury—a legally protected interest, concreteness, particularization, and imminence. . .'" *Id.* (citing *Spokeo* at 1545, and *Lujan* at 560).

"When a plaintiff alleges an intangible injury from a statutory violation, history and the judgment of Congress 'play important roles' in determining whether the injury is sufficiently concrete." *Spokeo* at 1549. Importantly, a plaintiff "does not 'automatically satisf[y] the injury-in-fact requirement whenever a statute' grant them the right to sue; they still must allege a 'concrete' harm that is more than a 'bare procedural violation.'" *Id.* As is clear, "[f]or an injury to be particularized, it must affect the plaintiff in a personal and individual way." *Id.* at 1548 (quotations omitted).

In *Cooper v. Atl. Credit & Fin., Inc.,* the Eleventh Circuit determined that the "plaintiff 'had not alleged an injury-in-fact sufficient to confer standing' where she merely alleged that the debt collection letters she received violated the FDCPA and left her confused about her statutory rights." *Cooper v. Atl. Credit & Fin., Inc.,* 822 F. App'x 951, 954-55 (11th Cir. 2020). The Court noted that "[p]laintiffs do not 'automatically satisfy the injury-in-fact requirement whenever a statute' grants them the right to sue; they still must allege a 'concrete' harm that is more than a 'bare procedural violation.'" *Id.* Moreover, "in concluding that the plaintiff had failed to establish a particularized injury and thus lacked standing to pursue her FDCPA claim, the court observed that the plaintiff did not allege that the letter caused to take or refrain from taking any action, nor did she allege that she suffered any financial or legal consequences or any other harm beyond the alleged statutory violations." *Davis* at *13-14 (citing *Cooper* at 954-55.) Consequently, "the court determined that Cooper had failed to allege any particularized injury because she did not

allege that 'she was affected in any meaningful way by the letter,'" and determined her injury was "insufficient to confer standing." *Id.* at *14.

Here, Plaintiff has not pled a concrete harm or injury-in-fact sufficient to confer standing. Plaintiff's only alleged harms are that he was "confused" and "frustrated" by PRA's Letter, and that it "could" affect his decision-making ability. *See* DE 1 ¶¶ 42-43, 64. Plaintiff has not pled that he suffered any physical harm, financial harm, or anything else to confer standing. As such, Plaintiff' claims should be dismissed.

## CONCLUSION

Plaintiff's Complaint fails to state a claim under the FDCPA and FCCPA and should be dismissed in its entirety. PRA's Letter, when read as a whole, does not violate the FDCPA or FCCPA when viewed through the lens of the least sophisticated consumer. First, Plaintiff has a valid debt owed to PRA that does not go away because of the expiration of the statute of limitations. Therefore, PRA may seek the voluntary repayment of a time-barred debt. Second, federal courts have found that when viewed in its entirety, the three components of PRA's letter: (1) a suggestion of financial freedom; (2) a time-sensitive offer of savings through voluntary partial payment plans; and (3) a legal disclaimer that the debt was legally unenforceable, are not false, misleading, or deceptive because the Letter, as a whole, does not give any reason for an unsophisticated debtor to believe that he will be sued for the debt. Therefore, Plaintiff has failed to state a claim under the FDCPA and FCCPA.

Further, Plaintiff's FDCPA §1692f claim also fails as a matter of law because it is based on the same facts as his §1692e claims, which federal courts deem as deficient since the §1692f claim does not identify any misconduct beyond that which Plaintiff

asserts violated other provisions of the FDCPA. Finally, Plaintiff lacks standing to bring forth his FDCPA claims because he has failed to plead a concrete harm or injury-in-fact sufficient for this Court to grant him standing. Therefore, Plaintiff's FDCPA (Counts I) and FCCPA (Count II) should be dismissed with prejudice.

WHEREFORE, Defendant PRA respectfully requests that this Court enter an order granting this motion, dismissing Plaintiff's Complaint with prejudice and granting such further relief as the Court deems just and proper.

## LOCAL RULE 3.01(g) Certification

Defendant certifies that on August 13, 2025, the parties conferred regarding this Motion, which Plaintiff opposes.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 15, 2025, this document was electronically filed with this Court using CM/ECF System which electronically serves the following:

Jonathan M. Benjamin, Esq.
Benjamin Law Practice, PLLC
2645 Executive Park Dr, Suite 438
Weston, FL 33331
jon@benjaminlawpractice.com
*Co-Counsel for Plaintiff*

Joseph k. Jones, Esq.
Jones, Wolf & Kapasi, LLC
375 Passaic Avenue
Fairfield, NJ 07004
jkj@legaljones.com
*Co-Counsel for Plaintiff, Pro Hac Vice*

*s/ Robert E. Sickles, Esq.*
Robert E. Sickles, Esq. FBN #167444
Robert.sickles@dinsmore.com
Bryan P. Hernandez, Esq. FBN# 1044055
Bryan.hernandez@dinsmore.com
**DINSMORE & SHOHL LLP**
201 North Franklin Street, Suite 3050
Tampa, FL 33602
(813) 543-9848
*Counsel for Defendant*